·THOMAS TONER *vs.* ADVANCE THRESHER COMPANY.

January 20, 1891.

Appeal from Justice—Service of Notice—Affidavit.—The affidavit of service of a notice of appeal from a judgment rendered by a justice of the peace contained the statement that the notice had been served upon the respondent "by delivering to and leaving with him, personally, a copy thereof, at his residence in said township, by delivering to and leaving with his father, James Toner, a true copy thereof." *Held* sufficient.

Appeal by defendant from an order of the district court for Big Stone county, *Powers,* J., presiding, dismissing its appeal from a judgment of $37.57, recovered against it by plaintiff in a justice's court.

*L. L. Longbrake* and *M. S. Stevens,* for appellant.

*A. S. Crossfield,* for respondent.

COLLINS, J.   Under the provisions of the third subdivision of section 114, *c.* 65, Gen. St. 1878, it is a prerequisite to the allowance of an appeal by a justice of the peace that, within 10 days after the rendition of the judgment, notice of appeal be served upon the opposite party by delivering to him a copy of the notice, or by leaving a copy thereof at his place of residence, and also that, within 10 days after such service, the original notice, with proof of service, be filed with the justice.   The proof of service filed with the notice in the case at bar was an affidavit, in which affiant stated that in a certain township, upon a day named, he served "the within notice of appeal upon Thomas Toner by delivering to and leaving with him, personally, a copy thereof, at his residence in said township, by delivering to and leaving with his father, James Toner, a true copy thereof."   The ap-

peal was allowed by the justice, but it was dismissed in the district court. This ruling was erroneous, and must be reversed. The affidavit is not as distinct as it might be, but we do not look for models in affidavits or pleadings in justices' courts, and a majority of this court are of the opinion that, fairly construed, the affidavit shows the service to have been made by delivery of a copy of the notice to James Toner at respondent's residence. If this was the procedure, the statute was complied with. It is quite clear that direct service on the respondent was not made, but, instead thereof, a copy was delivered to his father. The only remaining question pertains to the place of delivering the copy, and, we think, there can be no doubt but that it appears to have been at respondent's residence. If the word "personally" had been omitted from the affidavit, less difficulty would exist, for the affiant might well suppose and say that he had served and left a copy with respondent, within the meaning of the statute, when he had actually left it at his residence. This word "personally" is used so indiscriminately—frequently incorrectly—in such affidavits, sometimes to distinguish the kind of service made from substituted,—that is, service made by mail, or by publication,—again as referring to the party on whom service is made, and again to the person making the same, that we do not attach much importance to its use here.

Order reversed.